## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

### CIVIL ACTION NO. 4:08-CV-002

**VELICIA M. CARTER, Personal Representative**
**of the Estate of NEALY F. GLAZE, Deceased**                              **PLAINTIFF**

**V.**

**DAVIESS COUNTY DETENTION CENTER, et al.**                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon motions by Defendants, Jailer David Osborne, Daviess County Fiscal Court, and unknown staff members of the Daviess County Detention Center (DN 19) and Defendant, Robert D. Byrd, M.D., (DN 21) for judgment on the pleadings based on the expiration of the applicable statute of limitations. Fully briefed, this matter is ripe for consideration. For the following reasons, the Defendants' motions are **DENIED**.

The Plaintiff's action is based upon 42 U.S.C. § 1983, the Eighth Amendment of the United States Constitution, and Kentucky state laws, and arises from the death of Nealy F. Glaze one day after he was transported by the Daviess County Detention Center to the local hospital for medical attention. Glaze died on January 4, 2006. Plaintiff Velicia M. Carter was appointed as the personal representative of the Estate of Nealy Glaze on December 17, 2007. The Plaintiff filed her Complaint on January 4, 2008. The Defendants argue that the Complaint must be dismissed because the Plaintiff's claims are barred by the applicable statute of limitations.

In 42 U.S.C. §1983 actions, state law provides the appropriate statute of limitations and federal law governs when that limitations period begins to run. Wilson v. Garcia, 471 U.S. 261, 268-271 (1985); Collard v. Kentucky Board of Nursing, 896 F.2d 179, 182-183 (6th Cir. 1990). In Kentucky, the applicable limitations period for § 1983 actions is one year. Collard, 896 F.2d at 182

(citing K.R.S § 413.140(1)(a)).  However, under K.R.S. 413.180, where an injured party has died and a personal representative is appointed more than one year after the death, the personal representative has two years from the date of death to commence a cause of action for wrongful death.  Conner v. George v. Whitesides Co., 834 S.W.2d 652 (Ky. 1992).  The Defendants rely on this statute and Conner for the proposition that the Plaintiff's Complaint had to be filed no later than January 3, 2008, since Glaze died on January 4, 2006.

The Plaintiff, however, argues that pursuant to Fed. R. Civ. P. 6(a), she was not required to file her Complaint until January 5, 2008. Rule 6(a), which governs the computation of time, states that "in computing any period of time prescribed or allowed, by any applicable statute, the day of ...event...from which the designated period of time begins to run shall not be included."  This Rule is applicable to the computation of state statute of limitations periods. Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir. 1997).  In explaining Rule 6(a), the Merriweather court stated that the Rule "does not purport to determine when a period begins to run, but merely to aid in the counting of days." 107 F.3d at 399. The Court clarified that although a period may "beg[i]n to run" on the day of the relevant event, under Rule 6(a), the day of the event is considered "Day 0" and the following day is considered "Day 1." Thus,  in Merriweather, the court held that where an individual died on October 19, 1994,  and the applicable statute of limitations was one year, the complaint had to be filed no later than October 19, 1995 - the 365th day.  Id.

Here, the parties agree that under the applicable statutes and Conner, the Complaint had to be filed no later than two years after Glaze's death, which was on January 4, 2006.  They disagree, however, on whether this means the Complaint had to be filed by January 3 or January 4, 2008.  In light of Merriweather, it seems clear that January 4, 2008 is the appropriate date.  Thus, the Court

concludes that the Complaint was timely filed and that the Plaintiff's action is not barred by the applicable statute of limitations.

For the foregoing reasons, the Defendants' motions are **DENIED**. **IT IS SO ORDERED**.

cc: Counsel of Record